```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA,

                Plaintiff,

vs.                        Case No.  2:06-cv-472-FtM-29DNF

TRACT J43-31, 2.5 ACRES OF LAND,
MORE OR LESS, IN COLLIER COUNTY,
FLORIDA, EDWARD GROGAN (DECEASED),
ET AL.,

                Defendant.
_____

## **OPINION AND ORDER**

This matter came before the Court on March 4, 2008, for a bench trial on the matter of just compensation in nine condemnation proceedings. All parties known or believed by plaintiff to have an interest in the property have been properly served or notified as provided by FED. R. CIV. P. 71A. No property owner or other claimant appeared at trial except Mr. Leslie Correll, Jr., by and through counsel, who appeared for Case Number 2:06-cv-583-FTM-29DNF.

John R. Underwood, Jr., President and owner of Appraisal Acquisitions Service, testified on behalf of the government regarding the value of the parcels of land and improvements to the land. Mr. Underwood worked as a staff appraiser for First Federal & Savings Bank for eleven years and has 1000 hours of training from the Appraisal Institute where he has been on the faculty since 1981. Mr. Underwood testified as to the common characteristics of the land as: (1) location; (2) difficulty of access; (3) mostly wet; (4) classified as

wetlands; and (5) zoned conservation land with a "highest and best use" of recreational use.

In all of the cases, the government took immediate possession of the property pursuant to a Declaration of Taking and an Order for Delivery of Possession. In those cases where taxes were due and owing, the Court disbursed funds from the Registry of Courts to the Collier County Tax Collector. Additionally, pre-trial disbursements were made to various claimants in all but three cases. The Court, having considered the testimony and other evidence,

**ORDERS AND ADJUDGES:**

Just compensation as to each improvement or tract of land is as follows:

| TRACT NO. (PROPERTY) | ESTIMATED COMPENSATION | MONIES DISBURSED (after taxes; not including interest) | JUST COMPENSATION DETERMINED |
|---|---|---|---|
| Tract J25-08 06cv468 (2.5 acres) | $2,500.00 | $2,500.00 (leaving no sum on deposit) | $3,800.00 ($1,500/acre) |
| Tract J32-43 06cv470 | $19,500.00 (improvements on land only) | $19,500.00 (Hoye Dennis Moore) | $25,500.00 |
| Tract J43-31 06cv472 (2.5 acres) | $2,500.00 | $2,475.80 (leaving no sum on deposit) | $3,800.00 ($1,500/acre) |
| Tract J45-34 06cv473 (10 acres) | $10,000.00 | $9,903.14 (leaving no sum on deposit) | $15,000.00 ($1,500/acre) |

| | | | |
|---|---|---|---|
| Tract J61-35 06cv474 (5.0 acres) | $5,000.00 | $4,951.56 (leaving no sum on deposit) | $7,500.00 ($1,500/acre) |
| Tract J38-31 06cv483 (2.5 acres) | $2,500.00 | $2,500.00 (leaving no sum on deposit) | $3,800.00 ($1,500/acre) |
| Tract H05-61 06cv579 | $500.00 (improvements on land only) | 00.00 | $00.00 (no value)[1] |
| Tract H05-62 06cv580 | $100.00 (improvements on land only) | 00.00 | $00.00 (no value)[2] |
| Tract J03-62 06cv583 | $65,500.00 + $8,100.00 = $73,600.00 (improvements on land only) | | $73,600.00 |

The Court further finds and concludes:

    1. That title in the land and improvement for the first five cases shall be vested in the United States of America by operation of law as of September 11, 2006; title in the land for Case No. 2:06-cv-483-FTM-29SPC shall be vested in the United States of America by operation of law as of September 12, 2006; and title in the improvements for Case No. 2:06-cv-579-FTM-29SPC, 2:06-cv-580-FTM-29SPC, and 2:06-cv-583-FTM-29DNF shall be vested in the United States of America by operation of law as of October 25, 2006. The fair

---

[1] The improvement, built by trespassers, was in bad condition and falling in on itself.

[2] The improvement was 100% depreciated and deemed worthless.

market value of the land and improvements on the land, as determined at trial, is set forth above.

2. The Clerk of the Court shall enter Judgment immediately, notwithstanding outstanding disbursements, as provided above and incorporating the contents of this Opinion and Order for all cases herein.

3. That payment of just compensation, as provided above, shall be in full satisfaction of any and all claims of whatever nature against the plaintiff by reason of its institution and prosecution of this action and the taking of the property.

4. That just compensation will be subject to all real estate taxes, liens and encumbrances of whatever nature existing against the Property at the time of vesting title in the Plaintiff. Such taxes, liens and encumbrances are payable and deductible from the Just compensation, to the extent established and proven to the Court upon application.

5. That the just compensation includes the estimated compensation previously deposited by the Plaintiff and previously disbursed to claimants. The Plaintiff shall deposit into the Registry of the Court that portion of the just compensation, if any, in excess of the amount of the estimated compensation previously deposited, plus interest accrued at the rate established pursuant to 40 U.S.C. § 258 e-1 from the date of taking, until the date of the deposit. Such deposit shall be made within **SIXTY (60) DAYS** of the entry of this

Opinion and Order. The Plaintiff shall otherwise notify the Court of estimated compensation previously deposited in excess of the ultimate valuation.

6. That the Clerk of the Court will retain the deposited just compensation until further order of this Court upon consideration of any further applications for distribution filed by persons claiming or asserting an interest in the just compensation.

7. The Clerk of the Court shall administratively close all cases without terminating any pending motions or outstanding applications, not to exceed **five (5) years**. Plaintiff's counsel shall notify the Clerk of the Court as each remaining case reaches a zero balance so that the case may be closed.

8. That, in the event that the just compensation and any interest, or any part thereof, remains unclaimed for a period of **five (5) years** from the date of this Opinion and Order, the Clerk of the Court, pursuant to 28 U.S.C. § 2042, will cause such sum, together with any interest, to be deposited in the United States Treasury in the name and to the credit of the United States of America.

**DONE AND ORDERED** at Fort Myers, Florida, this ___11th___ day of March, 2008.

JOHN E. STEELE
United States District Judge

Copies:
J. Rudy, III, Assistant U.S. Attorney
United States Attorney's Office

Collier County Tax Collector

Unrepresented parties

Intake
Finance - JAX